Filed 7/16/14  P. v. Willard CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B250588 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA362410) |
| v. | |
| CHARLES ROBERT WILLARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gail R. Feuer and Henry J. Hall, Judges.  Affirmed.

Charles R. Willard, in pro. per., and Renee Rich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This case comes before us a second time. Charles Robert Willard was convicted by a jury on two counts of assault with a deadly weapon after he threatened two men on a bus with a knife, one of whom he then stabbed.[1] In a bifurcated proceeding, the trial court found Willard had suffered two prior serious felony convictions and one prior juvenile adjudication for robbery, making him eligible for sentencing under the three strikes law, and he had served separate prison terms for felonies (Pen. Code, §§ 667, subds. (a), (b)-(i), 1170.12, subds. (a)-(d); 667.5, subd. (b)). Willard was sentenced to concurrent aggregate state prison terms of 30 years to life. On appeal, we concluded the evidence was insufficient that Willard was at least 16 years old at the time he committed the robbery, which was the subject of his juvenile adjudication. We affirmed the judgment of conviction and remanded for a possible retrial on the prior strike conviction , noting the trial court may choose to exercise its discretion to dismiss one of the prior strike convictions for robbery in 1987 because they arose from the same incident. (*People v. Willard* (Jan. 8, 2013, B233492) [nonpub. opn.])[2]

On remand, Willard requested a jury trial on the juvenile strike allegation. Prior to the People's presentation of evidence, the trial court heard and denied Willard's motion to replace his appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118). Following an evidentiary hearing, the court found Willard was the person who had suffered the prior juvenile adjudication (Pen. Code, § 1025, subd. (c)).

At trial, the People introduced evidence consisting of certified copies of various documents, including the pleadings and minute orders from the superior court file of the 1978 juvenile adjudication for robbery, a chronology from the California Youth Authority (now Division of Juvenile Justice), and a California Law Enforcement

---

[1]    The jury found not true a great bodily injury allegation (Pen. Code, § 12022.7, subd. (a)).

[2]    We treated Willard's motion for judicial notice of our records in that case as a motion to augment the record, and, as such, granted the motion.

Telecommunications System (CLETS) criminal history (rap sheet) which showed Willard's date of birth as October 1, 1960 and the date of the robbery as May 1, 1978. The jury found true the allegation that Willard had suffered the prior adjudication for robbery with the use of a firearm in 1978 (Pen. Code, § 1025, subd. (b)). The trial court determined Willard's juvenile adjudication constituted a prior strike conviction.

Prior to sentencing, Willard's defense counsel filed a "Supplemental Motion to Dismiss Prior Convictions Alleged Under Three Strikes Law" (Pen. Code, § 1385) and to impose a determinate state prison sentence of 19 years. Willard filed a hand-printed document in pro. per. in which he challenged the verdict on various constitutional and statutory grounds.

At sentencing, the trial court declined to exercise its discretion to dismiss the prior strike convictions and sentenced him to concurrent aggregate state prison terms of 30 years to life. The court awarded Willard presentence custody credit of 2,140 days and imposed statutory fees, fines and assessments.

We appointed counsel to represent Willard on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On March 12, 2014, we advised Willard he had 30 days within which to personally submit any contentions or issues he wished us to consider.

After granting Willard several extensions of time, on April 22, 2014 we received a hand printed 13-page supplemental brief plus exhibits in which Willard challenged his conviction. To the extent they can be understood, Willard's contentions are his defense counsel provided ineffective assistance in failing to challenge the evidence supporting his prior adult robbery convictions and the evidence was insufficient to support the great bodily injury enhancement allegation. Willard's ineffective assistance of counsel claim is beyond the scope of our remand and thus cannot be addressed in the context of this appeal. If cognizable at all, Willard's claim must be pursued by a different, appropriate procedure. As for the great bodily injury enhancement, the jury found the allegation not true.

We have examined the entire record and are satisfied Willard's counsel has complied fully with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

**WOODS, Acting P. J.**

**We concur:**

**ZELON, J.**                    **SEGAL, J.**[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.